PER CURIAM.
Lou Irwin, Sr. (husband) appeals and Deborah Perryman (wife) cross-appeals from a final order, which adopts a California judgment dissolving their marriage as a Florida judgment and increases the husband’s child support obligation. We affirm all issues raised, with the exception of two points raised on appeal.
The husband argues the trial court erred in failing to deduct the amount he pays in state income tax from his gross income for purposes of determining his child support obligation. The wife properly concedes error. § 61.30(3)(a), Fla.Stat. (1993). We reverse and remand for reconsideration of the husband’s child support obligation in light of this omission.
The wife also properly concedes error regarding the duration of the husband’s child support obligation. The final order provides that, if the parties’ minor child is still in high school at the age of 19, the husband must continue paying child support until the child has graduated from high school. This provision violates section 743.07(2), Florida Statutes (1993).[1] Accordingly, we reverse and remand with directions to amend the final order to conform to the statute.
The final order is affirmed in all other respects.
AFFIRM in part; REVERSE and REMAND in part.
JOANOS, MICKLE and LAWRENCE, JJ., concur.

. Section 743.07(2), Florida Statutes (1993), provides:
This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began pri- or to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
(Emphasis added.)